UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MOGCK, individually and
on behalf of all similarly situated,
     Plaintiff,                        Case No. 2:26-cv-10733-TGB-EAS|

v.                                   Hon. Terrence G. Berg

UNITED WHOLESALE          Mag. Elizabeth A. Stafford
MORTGAGE, LLC,
     Defendant

---

**Plaintiff William Mogck's Notice of Supplemental Authority**

Plaintiff William Mogck ("Plaintiff") respectfully submits this Notice to inform the Court of four recent decisions holding that a text message qualifies as a call under § 227(c)(5) of the Telephone Consumer Protection Act (TCPA). Each of the following decisions directly rebuts the argument made in Defendant's Motion to Dismiss (Doc. 9) that text messages are not covered by this section of the TCPA:

a. *Hopkins v. Homelight, Inc.*, 2026 U.S. Dist. LEXIS 154579, *7 (W.D. Wash. July 13, 2026) ("Text messages fall within the definition of a 'telephone call' [under § 227(c)] because, as explained in *Satterfield* and *Howard*, both the ordinary meaning of the term 'call' and the TCPA's purpose support that interpretation.") (Exhibit 1);

b. *Pero v. Brown-Daub Chevrolet of Nazareth*, 2026 U.S. Dist. LEXIS 134498, \*10 (E.D. Pa. June 17, 2026) ("Considering the statutory language, the FCC regulations, and the decisions of an overwhelming majority of courts, we hold that a text message is a call for purposes of 47 U.S.C. § 227(c).") (Exhibit 2);

c. *Miller v. Direct Gen. Ins. Agency, Inc.*, 2026 U.S. Dist. LEXIS 126614, \*13-14 (C.D. Cal. June 8, 2026) ("[T]he Court rejects Defendant's argument that a text message is not a 'call' within the meaning of Section 227(c)(5) of the TCPA.") (Exhibit 3); and

d. *Callier v. Am. Auto Grp., LLC*, 2026 U.S. Dist. LEXIS 120642, \* (W.D. Tex. May 29, 2026) ("The Court is persuaded by the reasoning of the overwhelming majority of cases confirming cell phones are residential phones for purposes of the act and more importantly, that text messages are actionable under §227(c)(5).") (Exhibit 4).

Plaintiff respectfully requests the Court consider these supplemental authorities in connection with the motion to dismiss (Doc. 9).

Respectfully Submitted,

KEOGH LAW, LTD

By: */s/ Timothy J. Sostrin*
Timothy J. Sostrin

2

55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
tsostrin@keoghlaw.com
*Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, I caused to be electronically filed the foregoing paper with the Clerk of the Court, which will send notification of such filing to all counsel of record via the Court's ECF system.

*/s/ Timothy J. Sostrin*
Timothy J. Sostrin
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
tsostrin@keoghlaw.com
*Counsel for Plaintiff*

4